**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-7185**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TERRENCE COLEMAN,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:01-cr-00506-JFA-3; 3:05-cv-02133-JFA)

_____

Submitted: September 15, 2015    Decided: September 18, 2015

_____

Before KING and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Terrence Coleman, Appellant Pro Se. Stacey Denise Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Coleman appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 (2012) motion and denying the motion. We vacate the district court's order and remand for further proceedings.

"[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition" and is subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A) (2012) for successive applications. United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005)). By contrast, a "Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings,' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." Id. (quoting Gonzalez, 545 U.S. at 531-32). Where, however, "'a motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b),'" such a motion is a mixed Rule 60(b)/§ 2255 motion. Id. at 400 (quoting United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003)). In his motion, Coleman contended that, contrary to the district court's ruling, equitable tolling applied to his original § 2255 motion; he also raised direct attacks on his

2

conviction. Accordingly, the motion was a mixed Rule 60(b)/§ 2255 motion. See McRae, 793 F.3d at 400; Gonzalez, 545 U.S. at 532 n.4 (holding that a movant files a true Rule 60(b) motion "when he . . . asserts that a previous ruling which precluded a merits determination was in error"); Winestock, 340 F.3d at 207 (stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

When the district court is presented with a mixed motion, "the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." Winestock, 340 F.3d at 207. The district court, which did not have the benefit of our decision in McRae, did not afford Coleman this opportunity. We therefore vacate the district court's order, and remand for further proceedings. We deny Coleman's motion for a certificate of appealability because the certificate of appealability requirement is not applicable here. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED